### B. J. TRUSTEE V. THE STATE.

No. 19072. Delivered June 16, 1937.
Rehearing Denied October 20, 1937.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer*, both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misdemeanor, the punishment being assessed at a fine of $100.

Omitting the formal parts, the complain reads as follows:

"B. J. Trustee, then and there was the agent and employee of Mike Salibo, who was then and there authorized by law, under and by virtue of a beer and wine license, being license number 7239, said license having been issued to the said Mike Salibo, on the 6th day of January, A. D., 1937, by J. R. Cline, who was then and there a duly qualified and acting deputy tax collector and assessor of Harris County, Texas, for and under J. W. Hall, Tax Collector and Assessor of Harris County, Texas, to sell malt liquors and vinous liquors for consumption on premises known as Buccaneer Grill, and located and known as number 1819 Main street, in the city of Houston, Harris County, Texas, which said license was then and there in full force and effect on the day and date first aforesaid, and the said B. J. Trustee, who was then and there acting as agent and employee of the said Mike Salibo, did then and there on the 12th day of January, A. D., 1937, have in his possession at and near the said premises where said malt liquors and vinous liquors were then and there so sold for such purpose intoxicating liquor produced by the process of distillation."

The information follows the complaint.

Inspectors of the Texas Liquor Control Board found a quantity of whisky in Salibo's place of business. The proof showed that Salibo was licensed to sell malt and vinous liquors at said place and that he was at the time selling beer. The deputy tax collector named in the complaint and information testified that he issued a wine and beer license to Salibo authorizing the sale of such liquors for consumption "on the premises at 1819 Main Street." He testified further that the name "Buccaneer Grill" was not in the license. The proof on the part of the State was

to the further effect that Buccaneer Grill was at 1819 Main Street. Appellant contends that the averment in the complaint that the license was issued for the sale of liquors on premises known as Buccaneer Grill is not supported. In view of the fact that the testimony shows that Buccaneer Grill was at 1819 Main Street, we are unable to agree with appellant.

Appellant also takes the position that the proof fails to support the averment in the complaint that he was the agent and employee of Mike Salibo. It is observed that appellant was behind the bar at the time the inspectors entered. He had a bottle of whisky in his hand which he had secured from a safe. He stated to the inspectors that he was employed at the Buccaneer as a bartender. However, he did say that he had been hired by a Mr. Smith. In view of the fact that the business belonged to Salibo and that he had received a license to sell vinous and malt liquors at the place in question, and in view of the further fact that appellant was employed as a bartender at said place and was working there at the time in question, we are of opinion that the proof supports the allegation that he was the agent and employee of Salibo.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the appellant's motion for rehearing leads us to the conclusion that proper disposition of the appeal was made upon the original hearing.

The motion for rehearing is overruled.

*Overruled.*